**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-30548**
**Summary Calendar**

_____


**HENRY HAMILTON,**

**Plaintiff-Appellant,**

**versus**

**RHODIA, INC.,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**USDC No. 97-CV-423-B-M1**

_____

**January 21, 1999**

Before KING, Chief Judge, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[1]

Henry Hamilton appeals the summary judgment in favor of Rhodia, Inc.[2]  We **AFFIRM**.

I.

Hamilton began work at Rhodia in 1979; his last day was 9 September 1991.  He reported the next day that, six days earlier, he had been injured on the job.  He received, _inter alia_, 26 weeks

_____

[1]  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]  Hamilton filed his complaint against "Rhone-Poulenc Basic Chemicals", although the company's name was actually "Rhone-Poulenc, Inc." Subsequently, Rhone-Poulenc, Inc. was succeeded by "Rhodia, Inc.", and it was substituted as the proper defendant/appellee.

- 1 -

of Accident and Sickness benefits. However, Hamilton never returned to work at Rhodia; his employment was terminated in September 1993.

While employed at Rhodia, Hamilton was enrolled in its "Retirement Plan for Hourly Employees at the Basic Chemicals Division of Rhone-Poulenc Inc. effective January 1, 1988" (the Plan). The Plan provided for disability retirement benefits for disabled employees over the age of 40 who had completed 10 years of service.

In September 1995, Hamilton wrote to Rhodia's Benefit Service Department to request disability retirement. Approximately one month later, a Senior Benefits Advisor wrote to Hamilton that his request had been denied because such benefits were available only to employees in active service at Rhodia at the time of the request, and Hamilton's employment had been terminated two years prior to his request. This letter also informed Hamilton that he could appeal the decision by submitting within 60 days a written request, including supporting documents and/or records, to the Benefits Committee (which administered the Plan). Hamilton wrote a second letter to the Senior Benefits Advisor in January 1996 indicating his desire to file an appeal, but no documents or medical records were received by Rhodia.

Hamilton's first attorney wrote another letter to the Senior Benefits Advisor in March 1996, requesting a copy of the Plan and referring to Hamilton's January 1996 letter as an appeal. Two copies of the Plan were sent to that attorney, and Rhodia extended

the 60-day appeal limit to allow Hamilton 60 days from 1 July 1996 to file an administrative appeal. That August, both Hamilton and his attorney submitted letters to the Senior Benefits Advisor indicating Hamilton's desire to obtain benefits and to appeal; however, no supporting documentation was provided.

In April 1997, Hamilton filed suit against Rhodia in Louisiana state court, claiming breach of contract. Rhodia removed the action to federal court, pursuant to 28 U.S.C. §§ 1331 and 1332, based on diversity and on federal question jurisdiction, because the Plan is governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA). By consent of the parties, the case was transferred to a magistrate judge.

At an August 1997 scheduling conference, a discovery deadline of 30 January 1998 was set; and, Rhodia also agreed to allow Hamilton to file an untimely administrative appeal of the benefits denial. But, subsequently, no appeal was ever submitted to Rhodia.

On 26 January 1998, Hamilton's first attorney moved for leave to withdraw. His motion was granted the next day. On 30 January 1998, the above-referenced deadline for discovery, Hamilton moved for an extension of the deadline. The court denied the request; and, in April 1998, it granted Rhodia's unopposed motion for summary judgment.

## II.

Hamilton presents the following claims: (1) that the court erred in allowing Hamilton's attorney to withdraw three days before the discovery deadline; (2) that the court abused its discretion in

denying Hamilton's request for a discovery extension; and (3) that the court erred in granting summary judgment for Rhodia.

## A.

We review for abuse of discretion a ruling on a motion by an attorney to withdraw from a case. *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). Counsel's motion and the information attached to it indicate that he notified Hamilton of his intent to withdraw, but Hamilton did not oppose the motion. Having reviewed the record, we find no abuse of discretion in granting the motion.

## B.

Further, we find no abuse of discretion in denying Hamilton's *pro se* request to extend discovery. (Post-entry of summary judgment, Hamilton obtained counsel for this appeal.) Scheduling orders are modified only "upon a showing of good cause". FED. R. CIV. P. 16(b). The record indicates that Hamilton did not demonstrate what discovery he hoped to obtain through the extension, nor does Hamilton do so now.

## C.

Finally, Hamilton challenges the summary judgment. Of course, we review a summary judgment *de novo*, applying the same standard as the district court. *Freeman v. County of Bexar*, 142 F.3d 848, 850 (5th Cir. 1998).

When a retirement plan subject to ERISA gives "the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan", we review the administrator's decision for abuse of discretion.

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Kennedy v. Electricians Pension Plan*,*IBEW No. 995*, 954 F.2d 1116, 1121 (5th Cir. 1992). Here, the Benefits Committee was entrusted with administration and interpretation of the Plan.

After reviewing the record, we find no genuine issue of material fact regarding the legality of the Benefits Committee's decision to deny Hamilton benefits because he was not in service at the time of his request; and we likewise find no evidence that the Benefits Committee abused its discretion in making this determination.

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*